**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MELVIN SANDERS, | : | CIVIL NO. 1:CV-00-1866 |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| R.M. REISH, | : | (Judge Rambo) |
| | : | |
| Respondent | : | |

FILED
HARRISBURG, PA

APR 02 2001

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## MEMORANDUM AND ORDER

### I.    Background

Petitioner, Melvin Sanders, an inmate at the Schuylkill Federal

Correctional Institution, Minersville, Pennsylvania, filed this petition for writ

of habeas corpus pursuant to 28 U.S.C. § 2241.   The required filing fee has

been paid.

Sanders states that he was sentenced by the United States District

Court for the Eastern District of New York to one hundred fifty-one (151)

months incarceration and three years supervised release after pleading

guilty to a single count indictment of conspiracy to commit extortion in

violation of 18 U.S.C. § 1951 of the Hobbs Act.  (Doc. No. 1).

Certified from the record
Date  4-2-01
Mary E. D'Andrea, Clerk
Per _____

In the instant petition for writ of habeas corpus Sanders presents the following arguments challenging his conviction and sentence:

(1) petitioner was improperly charged in a single count as actual and attempted extortion and conspiracy are separate offenses under the Hobbs Act; (2) the government has not proven a violation of 18 U.S.C. § 1951(b)(3) in that petitioner's indictment did not prove an actual potential effect on interstate commerce to justify federal jurisdiction, nor was petitioner indicted on charges for violating a business engaged in interstate commerce; and (3) petitioner's arrest was unlawful in that he was arrested in the Eastern District of New York by I.R.S. agents from the Southern District of New York.

Id.

On February 5, 2001, Sanders filed with this Court his Notice of Election, choosing to have the Court rule on his motion as filed. For the following reasons, the petition for writ of habeas corpus will be dismissed, without prejudice to Sanders' right, if any, to pursue a § 2255 motion in the sentencing court.

## II.    Discussion

A federal criminal defendant's conviction is subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). In the instant

2

case, Sanders maintains that his federal conviction violated his

constitutional rights.

Section 2255 provides in part that "[a]n application for a writ of habeas

corpus on behalf of a prisoner who is authorized to apply for relief by motion

pursuant to this section, shall not be entertained if it appears that the

applicant has failed to apply for relief, by motion to the court which

sentenced him, or that such court has denied him relief, unless it also

appears that the remedy by motion is inadequate or ineffective to test the

legality of his detention." (Emphasis added.)  A motion under § 2255 is

" 'inadequate or ineffective'" only where it is established " 'that some

limitation of scope or procedure would prevent a Section 2255 proceeding

from affording the prisoner a full hearing and adjudication of his claim of

wrongful detention. ' " Application of Galante, 437 F.2d 1164, 1165 (3d Cir.

1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212

F.2d 681, 684 (3d Cir. 1954)).  The burden is on the habeas petitioner to

allege or demonstrate inadequacy or ineffectiveness.  Id.; Cagle v. Ciccone,

368 F.2d 183, 184 (8th Cir. 1966).   The fact that a prior  § 2255 motion was

unsuccessful is insufficient to show that the motion remedy is inadequate or

3

ineffective. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.), <u>cert.</u> <u>denied</u>, 488 U.S. 982 (1988); <u>Litterio v. Parker</u>, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, <u>not a personal inability to utilize it</u>, that is determinative . . . ." <u>Garris v. Lindsay</u>, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), <u>cert.</u> <u>denied</u>, 479 U.S. 993 (1986). As to issues that may be pursued in the sentencing court, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." <u>Strollo v. Alldredge</u>, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), <u>cert.</u> <u>denied</u>, 409 U.S. 1046 (1972).

Sanders does not indicate that he has filed a § 2255 motion with the sentencing court regarding his instant allegations. Nor has he alleged some systemic inadequacy or inefficacy in the § 2255 remedy in the New York District Court. Accordingly, his collateral challenges to the constitutionality of his federal conviction must be raised through a § 2255 motion and the instant petition will be dismissed, without prejudice to any right Sanders may have to pursue a § 2255 motion in the sentencing court.

4

## III.    Order

In accordance with the foregoing, **IT IS HEREBY ORDERED THAT:**

1. The petition for a writ of habeas corpus is dismissed, without prejudice to any right Sanders may have to file a § 2255 motion in the United States District Court for the Eastern District of New York.

2.  The Clerk of Court shall close this file.


SYLVIA H. RAMBO
United States District Judge

Dated: April    2    , 2001.

5

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

April 2, 2001

Re:  1:00-cv-01866    Sanders v. Reish


True and correct copies of the attached were mailed by the clerk
to the following:


        Melvin Sanders
        FCI-SCHUYLKILL
        14136-053
        P.O. Box 759
        Minersville, PA  17954


cc:
Judge                          (X )              (X ) Pro Se Law Clerk
Magistrate Judge               (  )              (  ) INS
U.S. Marshal                   (  )              (  ) Jury Clerk
Probation                      (  )
U.S. Attorney                  (  )
Atty. for Deft.                (  )
Defendant                      (  )
Warden                         (  )
Bureau of Prisons              (  )
Ct Reporter                    (  )
Ctroom Deputy                  (  )
Orig-Security                  (X )
Federal Public Defender        (  )
Summons Issued                 (  ) with N/C attached to complt. and served by:
                                    U.S. Marshal (  )    Pltf's Attorney (  )
Standard Order 93-5            (  )
Order to Show Cause            (  ) with Petition attached & mailed certified mail
                                    to:  US Atty Gen    (  )  PA Atty Gen (  )
                                         DA of County  (  )  Respondents (  )
Bankruptcy Court               (  )
Other_____  (  )

                                           MARY E. D'ANDREA, Clerk


DATE: April 2nd, 2001                BY: _____
                                            Deputy Clerk